UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00293-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| Vs. | ) ) | **ORDER** |
| **JERONZA THORNE,** | ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Sever. The court has also considered the government's "Motion to Accept Late Filing" (#33), and while the government has failed to reflect consultation with opposing counsel (a violation of L.Cr.R 47.1 (B)), the relief will be allowed to expedite consideration of defendant's substantive motion.

Review of defendant's motion reveals that he has not made a showing of actual, substantial prejudice based on joinder with his codefendants. United States v. Mitchell, 733 F.2d 327 (4th Cir. 1984); United States v. Carr, 805 F.Supp. 1266 (E.D.N.C. 1992). Motions to sever are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure, and a two-step analysis is necessary. See 8 Moore's Federal Practice, ¶ 13.03[2] at 13–9 (Matthew Bender). The first step is to determine whether the defendants were initially joined by the Grand Jury in accordance with Rule 8. If they are deemed properly joined, the analysis proceeds to the second step, which requires a determination of whether such joinder, while satisfying Rule 8, is nevertheless unfairly prejudicial under Rule 14 when weighed against judicial efficiency.

The first inquiry concerns the Grand Jury's joinder of these defendants in one indictment. Rule 8(a) provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). Thus, joinder of defendants is appropriate where the defendants are alleged to have participated in the same act or transaction constituting an offense or offenses against the United States. Id. In Cataneo v. United States, 167 F.2d 820, 822 (4th Cir. 1948), the Court of Appeals for the Fourth Circuit explained the term "transaction":

> This is not a technical term, nor is it a word of art. It has been variously defined and applied in numerous cases arising under the old Federal Equity Rules and in Code Pleading in connection with the joinder of causes of action and the permissibility of interposing counterclaims. Oft-quoted is the remark (under Equity Rule 30) of Mr. Justice Sutherland, in Moore v. New York Cotton Exchange, 270 U.S. 593, 610 [1926] ... " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."

Id. at 823. In more recent cases, appellate courts have held that joinder is proper where common activity constitutes a substantial portion of the proof. United States v. Roselli, 432 F.2d 879 (9th Cir.1970), *cert. denied*, 401 U.S. 924 (1971). Here, it appears on the face of the indictment that the defendants have been charged together based on allegedly unlawful common activity.

The second step requires weighing alleged prejudice against judicial economy. Even where Rule 8 joinder is proper, allegations that joinder of defendants will prejudice the defendant by preventing a fair trial must be weighed against the court's interest in judicial economy. Rule 14 provides, as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the

> court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P.14. The issue under Rule 14 is whether prejudice due to joinder would likely infringe a defendant's sixth amendment right to a fair trial. United States v. Boffa, 513 F.Supp. 444 (D.Del.1980).

In order to warrant severance, the moving defendant must satisfy the burden of showing prejudice which will interfere with such defendant's constitutional right to a fair trial. 8 Moore's Federal Practice, at ¶ 14.02[1], 14–5, 6, *citing* United States v. LaRouche, 896 F.2d 815 (4th Cir.1990). Conclusory allegations that a defendant will be unduly prejudiced will not suffice; the burden is on the defendant to show that joinder will *probably* result in undue prejudice meriting severance. United States v. De La Cruz Bellinger, 422 F.2d 723 (9th Cir.), *cert. denied*, 398 U.S. 942 (1970); *cf.* United States v. McClure, 734 F.2d 484 (10th Cir.1984).

If defendant makes such an initial showing, the court must balance such concerns with the court's interest in "speed, efficiency and convenience in the functioning of the federal judicial machinery...." Cataneo v. United States, *supra*. Clearly, the government has demonstrated in its brief that all three defendants are charged in each offense (a conspiracy to commit a Hobbs Act robbery, traffic eight to 10 kilos of cocaine allegedly obtained as a result of the robbery, and possess firearms in furtherance of such alleged acts).

In determining the extent of any alleged prejudice, the court considers whether, under all the circumstances, it is within the capacity of the jury to follow the court's instructions to keep separate the relevant evidence. United States v. Diaz–Munoz, 632 F.2d 1330 (5th Cir.1980). This is, perhaps, the thrust of defendant's motion. Defendant cannot, however, satisfy his burden of showing that he would probably be prejudiced. United States v. De La Cruz Bellinger, *supra*. Here, this is especially relevant as the government has stated that it is prepared to redact

confessions of co-conspirators and other obligations under *Bruton* and that is precisely the alternative relief sought in defendant's motion.

When placed in the balance, the court's interest in trying all charges against this defendant and his co-defendants in one trial outweighs any potential for prejudice. The court is certain that the government will conform its redactions to Gray v. Maryland, 523 U.S. 185 (1998) and its progeny. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Sever (#29) is **DENIED**.

Signed: 2/18/2014

Max O. Cogburn Jr.
United States District Judge