UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00293-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JERONZA THORNE** | ) | |
| **GLENTAVIS MCCOREY** | ) | |
| **JASON HILL,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendant Jeronza Thorne's Motion to Dismiss Counts Three and Four of the Indictment Because they are Duplicitous (#31) and defendant Glentavis McCorey's "Notice of Intention to Adopt Motion of Codefendant" (#68), which specifically references the Motion to Dismiss. The court has reviewed those motions as well as the government's response and will deny those motions as it appears that both defendants have been properly charged.

Duplicity occurs when more than one offense is alleged in the same charge. Duplicity is the joining in a single count of two or more distinct and separate offenses. United States v. Burton, 871 F.2d 1566, 1573 (11th Cir. 1989) (holding that an indictment is not duplicitous if it charges conjunctive allegations under a statute that provides for alternative ways of violating the statute). While duplicity is not always fatal to the indictment, United States v. Droms, 566 F.2d 361, 3633 n.1 (2d Cir. 1977), duplicity can if not remedied violate a defendant's Fifth Amendment right to notice of the charges lodged against him or her. United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988), *cert. denied*, 493 U.S. 1025 (1990).

1

As to Count Three, the Indictment alleges possession and carrying of a firearm in furtherance of a drug trafficking crime <u>and</u> during and in relation to a crime of violence. "[A]n indictment [is] duplicitous 'if it joins two or more distinct crimes in a single count.' " <u>United States v. Sturdivant</u>, 244 F.3d 71, 75 n. 3 (2d Cir. 2001) (<u>citing</u> <u>United States v. Aracri</u>, 968 F.2d 1512, 1518 (2d Cir.1992)). Count Three does not allege two separate and distinct crimes in a single count, but instead alleges two separate types of conduct which, if later proved, could result in one count of conviction. The Court of Appeals for the Fourth Circuit has held, as follows:

> The statute [18 U.S.C. §924(c)(1)(A)] thus penalizes two separate types of conduct: (1) the use or carrying of a firearm during and in relation to the commission of a drug trafficking crime; or (2) the possession of a firearm in furtherance of such a crime.

<u>United States v. King</u>, 628 F.3d 693, 699 (4th Cir. 2011). The government has alleged violation of § 924(c)(1)(A)(i) in the conjunctive, but need only prove the offense in the disjunctive, to wit, by proving that each defendant either (1) used or carried a firearm during and in relation to the commission of a drug trafficking crime or (2) possessed a firearm in furtherance of a crime of violence. "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." <u>United States v. Renteria</u>, 557 F.3d 1003, 1008 (9th Cir.2009) (<u>quoting</u> <u>United States v. Urrutia</u>, 897 F.2d 430, 432 (9th Cir.1990)). Thus, Count Three is not duplicitous.

As to Count Four, the Indictment alleges a conspiracy to possess and carry firearms in furtherance of a drug trafficking crime and during and in relation to a crime of violence, all in violation of 18 U.S.C. § 924(o). While the indictment clearly charges a Section 924(o) conspiracy to commit possess and carry firearms in furtherance of a drug trafficking crime and during and in relation to a crime of violence, again the charge is not duplicitous As it alleges the

2

commission of one offense that may have been committed in either one or perhaps both ways. For the reasons discussed above, Count Four is not duplicitous. A count is not duplicitous simply by charging a conspiracy to commit more than one crime. Braverman v. United States, 317 U.S. 49, 54 (1942); United States v. Carson, 464 F.2d 424, 435 (2nd Cir. 1972), *cert. denied*, 409 U.S. 949 (1972). By examining Count Four for the existence of a common goal, the nature of the scheme, and the overlapping of participants in various dealings, it is clear that the government asserts but one violation of Section 924(o), to wit, a conspiracy to rob people they perceived to be drug traffickers through force and violence by possessing and carrying firearms. Thus, Count Four is not duplicitous.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant Jeronza Thorne's Motion to Dismiss Counts Three and Four of the Indictment Because they are Duplicitous (#31) and defendant Glentavis McCorey's "Notice of Intention to Adopt Motion of Codefendant" (#68) are **DENIED**.

Signed: July 7, 2014

Max O. Cogburn Jr.
United States District Judge