UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cr-293-MOC-1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **JERONZA THORNE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 226). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

### I.   BACKGROUND

On January 26, 2015, a jury found Defendant guilty of one count of Conspiracy to Interfere with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a) (Count One); one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count Two); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime or Crime of Violence in violation of 18 U.S.C. § 924(c) (Count Three); one count of Conspiracy to Use or Carry a Firearm in Furtherance of a Crime of Violence and Drug Trafficking Offense in violation of 18 U.S.C. § 924(o) (Count Four); and one count of Possession of a Firearm by Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five). (Doc. No. 181, pp. 1–2). On January 28, 2016, this Court sentenced

Defendant to 77 months imprisonment for Counts One, Two, Four, and Five; followed by 60 months imprisonment, to run consecutive to all other Counts, for Count Three, for a total of 137 months imprisonment. (Doc. No. 182, p. 2). Defendant has prior convictions for Larceny of a Firearm and Larceny, Robbery with a Dangerous Weapon and Attempted Second Degree Sexual Offense, and Possession of a Firearm by a Convicted Felon. (Doc. No. 181, pp. 12–15, ¶¶ 57–59).

Defendant is currently incarcerated at Terre Haute FCI in Terre Haute, Indiana. Defendant has served approximately seven years and three months (58.1%) of his sentence and has a projected release date of May 24, 2024. Federal Bureau of Prisons, https://www.bop.gov/inmateloc/. As of December 23, 2020, there were nine pending tests for inmates at Terre Haute FCI, 51 confirmed active cases of COVID-19 in tests completed, and 22 staff members have confirmed active cases. https://www.bop.gov/coronavirus/.

While incarcerated, Defendant has been written up on numerous disciplinary issues, including threatening bodily harm, communicating gang affiliation, destroy property $100 or less, disruptive conduct-moderate, refusing to obey an order, and being absent from assignment and refusing to work. (Gov't Ex. 1, pp. 1–3). On December 4, 2020, Defendant filed the pending motion with this Court seeking compassionate release on the grounds that he has tested positive for COVID-19 and his cancer puts him at risk of developing severe or deadly symptoms from COVID-19. (Doc. No. 226, p. 1). Specifically, in 2017, Defendant was diagnosed with chronic phase BCR-ABL positive chronic myeloid leukemia. (Gov't Ex. 2, p. 307). Due to his unit's possible exposure he was tested for COVID-19 on November 30, 2020. (Id. at p. 11). The results came back positive, but he was medically cleared from the isolation unit on December 10,

2020. (Id. at p. 1). His leukemia continues to be treated and managed. (Id. at pp. 1–3).

Defendant filed a request for compassionate release with the Warden, which was denied on November 2, 2020. (Doc. No. 226, p. 4). Defendant states that he has a transition plan in place, should he be released. (Id. at p. 2). He will reside with his father and stepmother in North Carolina; he will file for disability with the social security office; and he will seek a recommendation for a specialist with the social security office and continue with his prescribed treatments. (Id.).

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own

policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their

---

independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at *9. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at *7 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-4-

own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[2] that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant fails to meet the heightened standard required by § 3582(c)(1)(A)(i), and

---

[2] See Centers for Disease Control, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (as of November 23, 2020).

the defendant-specific factors including his extensive prior criminal history, the underlying facts of his crimes, and his disciplinary history do not support granting his request for compassionate release. First, Defendant's history of violent crime, his offense conduct, and his disciplinary history demonstrate that Defendant is a "danger to the safety of any other person" and "to the community." Defendant committed second-degree burglary, larceny of a firearm, robbery with a dangerous weapon, and attempted second-degree sex offense. Additionally, he committed the instant offense while still serving his sentence on supervised release from a federal conviction for possession of a firearm by felon. While incarcerated, he has committed numerous infractions, including threatening bodily harm and destruction of property.

Defendant points to his cancer and his COVID-19 diagnosis as the bases for granting him compassionate release. While battling cancer and testing positive for COVID-19 are certainly serious situations, they are both being treated and managed well in prison and do not rise to the level of "extraordinary and compelling" that would warrant his immediate release. See United States v. Sargent, 2020 WL 897633, at *2 (E.D. Ky. Feb. 24, 2020) (finding that the defendant did not show "extraordinary and compelling reasons" that would support his early release from incarnation where "the record does not indicate that his leukemia is a serious and advanced illness with an end-of-life trajectory"); United States v. Bobroff, 2020 WL 4271712, at *3 (D. Colo. July 24, 2020) (denying release where inmate tested positive and was being treated in prison); United States v. Littrell, 2020 WL 3889053, at *4 (D. Or. July 10, 2020) (finding no extraordinary circumstances where a diabetic inmate tested positive and recovered); United States v. Frost, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020) (finding no extraordinary circumstances where a diabetic inmate with cardiomyopathy and COPD tested positive).

-6-

Case 3:13-cr-00293-MOC   Document 230   Filed 01/06/21   Page 6 of 8

Third, 18 U.S.C. § 3582(c)(1)(A) requires this Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" before reducing a sentence, and those factors call for Defendant's prison sentence to remain intact. This Court determined that a sentence of 77 months imprisonment for Counts One, Two, Four, and Five; followed by 60 months imprisonment, to run consecutive to all other Counts, for Count Three, for a total of 137 months imprisonment, was the appropriate sentence. Defendant has identified nothing that would undermine this Court's finding. Reducing Defendant's prison sentence would reduce the capacity of that sentence to reflect the seriousness of Defendant's offense. It would reduce its capacity to promote "general deterrence" and "specific deterrence," goals that remain particularly important in the light of Defendant's serious and dangerous pattern of criminal behavior.

Finally, although Defendant has identified a place he plans to stay if released, he has failed to demonstrate that he would face a materially lower risk than he currently faces from COVID-19. Nor has he identified how he would protect others from the risk of infection posed be his release. The virus is surging in North Carolina, as with the rest of the country. See NCDHHS' COVID-19 Response, https://covid19.ncdhhs.gov/. More importantly, Defendant has failed to identify anything that would appropriately assure the safety of the public if he were released early. This Court, therefore, has no reason to take the extraordinary step of reducing Defendant's lawfully imposed sentence.

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 226), is **DENIED**.

Signed: January 6, 2021

Max O. Cogburn Jr
United States District Judge