UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cr-293-MOC-1

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **JERONZA THORNE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's third pro se Motion for Compassionate Release/Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 253). The Government has responded in opposition to the motion. (Doc. No. 255).

### I. BACKGROUND

In its order denying Defendant's first motion for compassionate release, the Court has already set forth Defendant's criminal background and will not do so again here. See (Doc. No. 230). In December 2020, Defendant filed his first motion for compassionate release, arguing that he had tested positive for Covid-19 and that his cancer put him at risk of developing more severe or deadly symptoms from the virus. (Doc. No. 226). This Court denied the motion, citing Defendant's "history of violent crime, his offense conduct, and his disciplinary history," which "demonstrate that Defendant is a 'danger to the safety of any other person' and 'to the community.'" (Doc. No. 230 at 6).

The Court also determined that Defendant's cancer and COVID-19 were "both being treated and managed well in prison" and did not rise to the level of extraordinary and compelling reasons for granting immediate release. (Id.). The Court found that the 137-month sentence that

it had imposed was appropriate and that reducing that sentence would diminish its capacity to reflect the seriousness of Defendant's offense, as well as to promote general and specific deterrence. (Id. at 7).

Although Defendant declined the Covid-19 vaccine in December 2020, he was vaccinated for Covid-19 in March 2021. See (Doc. No. 246 at 9–11). And he received a booster shot on September 9, 2021. (Id. at 8).

Defendant filed his second motion for compassionate release on September 27, 2021. (Doc. No. 237). This Court dismissed the motion without prejudice due to his failure to exhaust administrative remedies. (Doc. No. 250). Defendant filed a request for administrative remedy on January 5, 2022, seeking compassionate release. (Doc. No. 253 at 8). The Warden denied his request on January 14, 2022, noting that he had filed three prior requests for compassionate release and had not presented any new extraordinary or compelling reasons for release; he was 37 years old; he had not been diagnosed with a terminal medical condition, nor was he disabled; and his condition did not diminish his ability to function in a correctional environment. (Id.).

On February 10, 2022, Defendant was disciplined for threatening health service staff. See (Gov. exh. 1). His updated medical records show that he has been noncompliant with the recommended treatment for his chronic myeloid leukemia and has refused to take his prescribed medication, despite being warned that such refusal could lead to "[w]orsening of symptoms/condition leading to serious injury, decreased quality of life, and/or death." See, e.g., (Gov. exh. 2, at 99, 106–10, 123–71)).

Defendant filed the pending motion for compassionate release on March 29, 2022.

**II.     DISCUSSION**

Defendant argues that as a result of the pandemic, the conditions in prison are more severe than the Court anticipated when it sentenced him. (Mot. Comp. Rel. 3). He also notes that he has chronic myeloid leukemia, takes immunocompromising medication, is obese, and has mental health issues. (Id. at 7). He asks the Court to release him, or to reduce his sentence by a year. (Id. at 6–7).

The Court denies Defendant's request for compassionate release because he has not shown extraordinary and compelling reasons to reduce his sentence. As with Defendant's first motion for compassionate release, in which the Court thoroughly addressed Defendant's arguments for compassionate release, he has failed to establish that "extraordinary and compelling reasons" support a sentence reduction, or that the sentencing factors weigh in favor of his release.

As the Court stated it its prior denial of Defendant's motion for compassionate release, other than the generalized fear of illness or death posed by the pandemic—a fear that is not confined to the prison setting—Defendant has not identified any particular way in which the conditions in prison have been more severe than what this Court may have anticipated when he was sentenced. He mentions generally "psychological issues created by pro-longed [sic] lockdowns," but does not indicate what the conditions were in his facility, or how that affected him. See (Mot. Comp. Rel. 2–3). Even courts that have considered a change in prison conditions caused by the pandemic have held that such a change in conditions by itself does not warrant a sentence reduction. See, e.g., United States v. Rodriguez, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). Here, Defendant is only 38 years old, has been vaccinated, has not shown significant efforts at rehabilitation as evidenced by his history of disciplinary infractions while incarcerated, and has refused to comply with needed medical treatment. He also poses a danger to the public

given the nature of his offense and his lengthy criminal history, including violent crimes. Defendant has not shown that the conditions in prison as a result of the pandemic are extraordinary or warrant a reduction in the term of his imprisonment under the § 3553(a) sentencing factors.

Defendant has also not shown that his medical conditions justify his release. The record establishes that Defendant has not been compliant with the treatment prescribed for his chronic myeloid leukemia. See, e.g., (Gov. exh. 2, at 99, 106–10, 123–71). His refusals of medical treatment cannot be attributed to the pandemic and do not bode well for his compliance with treatment if he were to be released. Defendant has been vaccinated against COVID-19, which has greatly reduced his risk of serious illness or death from the virus. Although it appears that Defendant tested positive for the virus in January 2022, he apparently was asymptomatic. (Gov. exh. 2, at 57–65, 82). By being vaccinated, Defendant has provided effective self-care against the virus, and he does not argue otherwise. Thus, his medical conditions do not create an extraordinary and compelling reason to reduce his sentence in light of the pandemic.

Defendant also has not countered this Court's prior determination that "his extensive prior criminal history, the underlying facts of his crimes, and his disciplinary history," and the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. See (Doc. No. 230 at 5–7). As the Court noted in its prior order, Defendant has engaged in a "serious and dangerous pattern of criminal behavior" and remains a danger to the community. (Id. at 6–7). Defendant has shown no change in these circumstances. Nor has he provided a viable release plan.

In sum, because Defendant has not met his burden to show extraordinary and compelling reasons to reduce his sentence, or that such a reduction is warranted in light of the sentencing factors under § 3553(a), the Court denies his motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 253), is **DENIED**.

Signed: May 11, 2022

Max O. Cogburn Jr.
United States District Judge